# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD SHARIF, | ) |
| | ) Case No. 16-cv-4699 |
| Debtor. | ) |
| _____ | ) Judge Robert M. Dow, Jr. |
| | ) |
| THE ESTATE OF SOAD WATTAR, Haifa Sharifeh as Executrix, and RAGDA SHARIFEH, | ) |
| | ) |
| | ) On appeal from the U.S. Bankruptcy Court |
| | ) for the Northern District of Illinois, |
| Intervenors-Appellants, | ) Eastern Division |
| | ) |
| v. | ) Bankr. Case No. 09-BK-05868 |
| | ) |
| HORACE FOX, JR., in his capacity as the Chapter 7 Trustee of Debtor's Estate, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 09-BK-05868. Intervenor-Appellants Ragda Sharifeh ("Ragda") and Haifa Sharifeh, purportedly as executrix of the Estate of her mother, Soad Wattar ("Haifa") (collectively, "Intervenors"), appeal from three orders entered by the Bankruptcy Court: (1) an order denying Intervenors' motion for leave to commence an action against the Trustee, Horace Fox Jr. (the "Trustee") and his attorney in their individual capacities [26-4]; (2) an order denying Ragda's motion for reimbursement [26-5]; and (3) a memorandum opinion and order setting out the Bankruptcy Court's analysis supporting the first two orders [26-7] at 15-36. In addition, the Trustee has filed a motion for leave to supplement the record on appeal [39] and Intervenors have filed a motion to transfer a related appeal, Case No. 16-cv-11076, from Judge Bucklo's docket to this Court [43]. For the reasons set forth below, the Court affirms the Bankruptcy Court's three challenged orders and denies as moot the Trustee's motion for leave to

supplement the record on appeal [39]. Finally, the Court grants Intervenors' motion to transfer Case No. 16-cv-11076 to this Court as a related case [43], for the reasons explained at the hearing on the motion, see [45]. That appeal, which is still being briefed, will proceed as Case No. 16-cv-11076. The instant appeal, No. 16-cv-4699, is closed.

**I.  Background[1]**

Soad Wattar ("Wattar") was the mother of Debtor Richard Sharif ("Debtor"), Ragda, Haifa, and other children who are not directly involved in this appeal. In 1992, Wattar allegedly established a trust called the Soad Wattar Revocable Trust of 1992 ("Trust"). On February 24, 2009, Debtor filed Bankruptcy Case No. 09-BK-05868 in the Bankruptcy Court for the Northern District of Illinois. Intervenors were both listed in Schedule F as a creditors of Debtor and both received notice of Debtor's filing of the bankruptcy case.

On August 24, 2009, one of Debtor's creditors, WIN, initiated an adversary proceeding against Debtor in the bankruptcy case, naming Debtor both individually and in his capacity as trustee of the Trust. WIN alleged that Debtor was concealing assets by holding them in the Trust's name and that the Trust was Debtor's alter ego. In his answer to WIN's amended complaint, Debtor stated that he was the Trustee of the Trust. Debtor also produced a purported trust agreement signed on May 15, 1996 (the "1996 Trust Agreement"), which (1) named Debtor as Trustee; (2) assigned and conveyed to the Trustee all of Wattar's real and personal property; (3) granted the Trustee authorization to do all acts of an owner; and (4) granted the Trustee absolute discretion to litigate any claim in favor of or against Wattar's estate.

On March 17, 2010, Wattar died. According to a will that debtor produced in discovery (the "April 26, 2007 Will"), Wattar left all of her estate ("Estate") to the Trustee of the Trust

---

[1] The extensive background of Bankruptcy Case No. 09-BK-05868 is set forth in greater detail in the Court's September 26, 2016 order in Case No. 15-cv-10694, which was an appeal from the same bankruptcy docket.

2

acting at the time of her death (i.e., Debtor). The Will named Debtor as executor and Ragda as successor executor of Wattar's Estate.

On July 6, 2010, the Bankruptcy Court entered default judgment against Debtor and in favor of WIN in the adversary proceeding. The Bankruptcy Court determined that the Trust was the alter ego of Debtor, because Debtor treated the Trust's assets as his own property and, therefore, it would be unjust to allow him to maintain that the Trust was a separate entity. Based on its finding that Debtor failed to meet his discovery obligations and violated 11 U.S.C. § 727, the Bankruptcy Court denied Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2)-(a)(6). Intervenors were served notice that Debtor had been denied a discharge in bankruptcy. See Bankruptcy Case No. 09-05868, Docket Entry 55.

Debtor appealed the Bankruptcy Court's July 6, 2010 order to the District Court. See Case Nos. 10-cv-5303, 10-cv-5333 (Leinenweber, J.). A few weeks later, while the federal appeal was pending, Intervenors filed a lawsuit in the Circuit Court for Cook County, Illinois (No. 2010-CH-30432) seeking a preliminary injunction and an order compelling Wells Fargo to transfer approximately $700,000 in Trust assets to Ragda. In their amended complaint, Intervenors alleged that, pursuant to an amendment made to the Trust on October 8, 2007 (the "2007 Trust Amendment"), Ragda became the successor beneficiary of the Trust at the time of Wattar's death on March 17, 2010. They further alleged that, on July 21, 2010, Debtor resigned as the trustee of the Trust. They acknowledged, however, that the Bankruptcy Court had already found in its July 6, 2010 order that the Trust was Richard Sharif's *alter ego*. [15-4] at 3, ¶ 7. The Cook County Circuit Court denied Ragda's and Intervenor's motion on the basis that the case was subject to the jurisdiction of the Bankruptcy Court.

On August 5, 2010, the Bankruptcy Court granted the Trustee's July 30, 2010 motion to turn certain assets of the Trust over to the Trustee. Specifically, the Bankruptcy Court ordered the Hartford Financial Services Group, Inc. ("Hartford") to convey to the Trustee all interest in any life insurance policies issued by any Hartford insurance entity related to the Debtor, Wattar, or the Trust. The Bankruptcy Court also ordered Wells Fargo Financial Advisors ("Wells Fargo") to convert the owners in two specified accounts from the Trust to the Trustee. In addition, because Wattar transferred all of her assets to the Trust, the Bankruptcy Court ordered Debtor to turn over all interest in any assets related to Debtor, Wattar, or the Trust. The Bankruptcy Court further ordered Debtor, Ragda, and Haifa to cease any act to exercise any control over property of the bankruptcy estate.

On February 10, 2012, Judge Leinenweber, considering consolidated appeals filed by Debtor and Ragda, affirmed the Bankruptcy Court orders declaring Debtor in default, denying Debtor a discharge, and finding that the Trust was the property of the bankruptcy estate. See Case No. 11-cv-8811, Docket Entry 16. Judge Leinenweiber's decision was ultimately upheld by the Supreme Court. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (U.S. 2015).

Following the Supreme Court's ruling, Haifa, purportedly as Executrix of Wattar's Estate, filed a motion seeking an order vacating the Bankruptcy Court's August 5, 2010 turnover order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Haifa asserted that Ragda became the Trustee of the Trust on November 1, 2007 and attached a copy of the 2007 Trust Amendment. Haifa argued that the Estate was never served with process and therefore (1) the Bankruptcy Court did not have personal jurisdiction over the Estate and (2) the Bankruptcy Court's August 5, 2010 order requiring the turnover of property held in the Trust was void.

In her reply brief, Haifa attached for the first time documents purporting to be copies of the most recent version of Wattar's will, dated April 28, 2007 (the "April 28, 2007 Will"). Based on the April 28, 2007 Will, Haifa claimed that (1) she became the executrix of Wattar's estate when Wattar died in March 2010; (2) she was therefore entitled to notice before the Bankruptcy Court ordered the turnover of property of Soad Wattar to the bankruptcy estate on August 5, 2010; and (3) because she did not receive notice, the Bankruptcy Court's order violated Due Process and was void. Haifa also alleged that Ragda had been the trustee of the Trust since 2007. The Bankruptcy Court denied Haifa's Rule 60(b)(4) motion.

This Court affirmed the Bankruptcy Court's ruling on appeal on September 26, 2016 (Case No. 15-cv-10694). This Court determined that: (1) Haifa waived her due process arguments on appeal by failing to support them with any pertinent authority; (2) Haifa could not demonstrate that pursuant to the 2007 Trust Amendment Ragda, rather than Debtor, was the Trustee of the Estate when Debtor filed for bankruptcy, because the Seventh Circuit already rejected that argument; (3) the 2007 Trust Amendment was not properly authenticated; (4) Haifa waived her right to rely on the April 28, 2007 Will by waiting until her reply brief to raise it in the Bankruptcy Court; (5) Haifa failed to properly authenticate the April 28, 2007 Will; and (6) Haifa's due process rights were not violated because she received actual, timely notice of Debtor's bankruptcy and the Bankruptcy Court's decision that the Trust was Debtor's alter ego and therefore all of the assets in the Trust would be included in the bankruptcy estate. See *In re Sharif*, 2016 WL 5373199, at *11 (N.D. Ill. Sept. 26, 2016).

While the appeal in this Court was pending, Haifa and Ragda filed a motion in the Bankruptcy Court for leave to sue the Trustee and his counsel individually. They also sought to sue Hartford and Wells Fargo individually. Their motion did not explain why they should be

granted leave to sue. Their attached proposed complaint asserted a single claim against the Trustee and his counsel, a *Bivens* violation for using their alleged authority as federal agents to take property that belonged to Wattar's Estate—namely, the proceeds of the Hartford policy and the assets of the Estate held by Wells Fargo—without notice or hearing (Count VII). See Bankruptcy Docket 09-05868 [253-1] at 11. Intervenors alleged that this violated the Estate's procedural and substantive due process rights. *Id*. at 12. Intervenors also alleged that the proceeds from the Hartford insurance policy were exempt from the bankruptcy proceeding pursuant to Illinois law.

Ragda also filed a motion in the Bankruptcy Court for reimbursement of more than $900,000 for (1) funds she allegedly spent paying the mortgage and taxes on one of Trust's assets, a house located at 36 Revere Drive, South Barrington, Illinois (the "Barrington house") while the appeal to the Supreme Court was pending; and (2) the proceeds of the Hartford insurance policy, of which Ragda claimed to be the beneficiary.

The Bankruptcy Court entered orders denying both of Intervenors' motions and an extensive separate memorandum opinion explaining its reasoning. On April 27, 2016, Intervenors filed a notice of appeal. Intervenors argue on appeal that:

1.  The Bankruptcy Court had no factual or legal basis to deny Ragda's motion for reimbursement funds from the Trust; and

2.  The Bankruptcy Court erred by denying Intervenors' motion for leave to commence a claim against the Trustee and his legal counsel.

## II.  Standard of Review

"District courts sit as appellate courts when hearing appeals from bankruptcy courts." *Hijjawi v. Five N. Wabash Condo. Ass'n*, 491 B.R. 876, 880 (N.D. Ill. 2013). The Bankruptcy Court's factual findings are scrutinized for clear error, while its legal conclusions are reviewed

*de novo*. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014). To the extent that the Bankruptcy Code commits a decision to the discretion of the Bankruptcy Court, that decision is reviewed for an abuse of discretion. *Belson v. Olson Rug Co*., 483 B.R. 660, 664 (N.D. Ill. 2012) (citing *Wiese v. Cmty. Bank of Cent. Wis*., 552 F.3d 584, 588 (7th Cir. 2009)). The abuse of discretion standard applies to the Bankruptcy Court's denial of a motion for leave to sue a trustee or the trustee's counsel, *In re USA Baby, Inc.,* 520 Fed. Appx. 446, 448 (7th Cir. 2013), as "the bankruptcy court, . . . given its familiarity with the underlying facts and the parties, is uniquely situated to determine whether a claim against the trustee has merit," *In re VistaCare Grp., LLC*, 678 F.3d 218, 233 (3d Cir. 2012). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp*., 381 F.3d 709, 713 (7th Cir. 2004).

**III. Analysis**

As a preliminary matter, it is not clear whether Intervenors intended to appeal the portions of the Bankruptcy Court's orders that pertain to the Trustee's counsel. The civil cover sheet filed with the appeal names only the Trustee as a defendant, see [1-1], and the captions on Intervenors' briefs and other filings do not name any particular defendants. The Court finds it unnecessary to resolve this issue, however, because Intervenors do not make any arguments that are unique to the Trustee's counsel, and the Court does not find any of the arguments pertaining to either the Trustee or his counsel persuasive. Further, to the extent that Intervenors did not properly perfect an appeal against the Trustee's counsel, any attempt to do so know would be untimely. See generally Fed. R. Bankr. P. 8002.

The Court now turns to the substance of the issues raised on appeal.

### A. Ragda's Motion for Reimbursement Funds from The Trust

The Bankruptcy Court denied Ragda's motion for reimbursement funds on multiple grounds. The Bankruptcy Court determined, among other things, that (1) there was no contractual or statutory basis for Ragda's request for compensation for mortgage payments that she allegedly made on the Barrington house; and (2) Ragda was not entitled to the proceeds of the Hartford insurance policy under Illinois law, 735 ILCS 5/12-1001(f), because (a) that statute allows only a *debtor* to claim an exemption in the property of a bankruptcy estate for certain life insurance proceeds, and Ragda is not the debtor or a dependent of the debtor; and (b) that statute has been interpreted to apply only when the deceased insured's child was dependent on the insured at the time of death.

The Court affirms the Bankruptcy Court's denial of Ragda's motion for reimbursement funds on both of these grounds. As to the Barrington house, Ragda does not contest the Bankruptcy Court's conclusion that she has no contractual right to reimbursement for any mortgage payments that she may have made on the Barrington house. Ragda also concedes that the house belonged to the bankruptcy estate and that any mortgage or tax payments she made were made voluntarily. Nonetheless, Ragda argues—based on *Young v. United States*, 535 U.S. 43 (2002), and Section 105(a) of the Bankruptcy Code—that the Bankruptcy Court is a court of equity, and that equity requires her to be reimbursed for the monthly mortgage payments because the Trustee should have been making those payments. [26] at 9.

The Court is not persuaded that either *Young* or Section 105(a) entitle Ragda to reimbursement or that the Bankrutpcy Court abused its discretion by declining to exercise its equitable powers so broadly. *Young* is inapplicable to the situation at hand; it simply holds that

8

equitable tolling applies to limitations periods to be applied by Bankruptcy Courts. *Young*, 535 U.S. at 50.

Section 105(a) of the Bankruptcy Code authorizes the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been construed to authorize "the extensive equitable powers that bankruptcy courts need in order to be able to perform their statutory duties" but not to "give the bankruptcy court carte blanche" to redistribute rights as they see fit. *In re Caesars Entm't Operating Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015); see also *Vill. of Rosemont v. Jaffe*, 482 F.3d 926, 935 (7th Cir. 2007) ("Although expansively phrased, section 105(a) affords bankruptcy courts considerably less discretion than first meets the eye, and in no sense constitutes a roving commission to do equity." (internal quotation marks and citation omitted)). The Bankruptcy Court does not "'have free-floating discretion[]' to create rights outside the Code." *In re Starling*, 359 B.R. 901, 912 (Bankr. N.D. Ill. 2007) (quoting *In re Lloyd,* 37 F.3d 271, 275 (7th Cir. 1994)).

Ragda concedes that any payments she made toward the Barrington house were entirely voluntary and that she knew all along that the house belonged to the Estate, not to her. Her counsel explained to the Bankruptcy Court that Ragda made the payments on the mistaken belief that by maintaining the property she would be able to retain it [26-7] at 27—*not*, as she claims on appeal, because the Trustee wasn't performing his duties to preserve the bankruptcy estate's property. Further, Ragda never claims to have alerted the Trustee to his alleged dereliction of duty at any time over the five years that she was allegedly paying the mortgage, and offers no excuse for failing to bring this issue to the Bankruptcy Court's attention earlier. Under these

9

circumstances, the Court cannot say that it is either necessary or appropriate as a matter of equity for Ragda to be reimbursed for these alleged payments.[2]

For these reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion by declining to use its equitable powers to reimburse Ragda for her alleged expenses relating to the Barrington house. The Court finds it unnecessary to consider whether Ragda actually made these payments—an issue that is hotly disputed—and therefore denies as moot the Trustee's motion for additional discovery on that issue [39].

The Court now turns to Ragda's argument that she is entitled to the proceeds of the Hartford life insurance policy. The Court concludes *sua sponte* that Ragda has no standing to appeal this issue because she fails to adequately plead that she has any interest in the assets that were turned over. The Court refers the reader to Judge Shah's analysis of this issue in Case No. 16-cv-4397, Docket Entry [46] at 4-6, which was Intervenors' appeal from the Bankruptcy Court's order denying Intervenors leave to file suit against Hartford and Wells Fargo individually for breach of contract, breach of fiduciary duty, and negligence arising out of their turnover of assets to Debtor for inclusion in the bankruptcy estate. As Judge Shah explained, Ragda's interest in the Hartford insurance proceeds is founded on the allegation that she is the beneficiary of that policy. But documents submitted by Hartford—the authenticity of which Intervenors never disputed—showed that the Trust was the beneficiary of the life insurance policy, not Ragda. Therefore Judge Shah concluded, and this Court agrees, that the "allegation that Ragda Sharifeh is named as the beneficiary to the life insurance policy is not plausible." *Id*. at 6.

---

[2] Section 503(b)(3)(D) of the Bankruptcy Code authorizes the payment of "actual, necessary expenses" incurred by a creditor "in making a substantial contribution in a case under chapter 9 or 11." 11 U.S.C.§ 503(b)(3)(D). But this is a Chapter 7 case. Even if Section 503(b)(3)(D) were applicable, Ragda does not allege any facts suggesting that it was necessary for her to pay the expenses associated with the Barrington house.

Further, even if Ragda had standing to appeal this issue, her argument that she is entitled to the insurance proceeds fails for other reasons identified by the Bankruptcy Court and not addressed by Ragda in her appellate briefs. Ragda claims that the proceeds of the Hartford life insurance policy were exempted from the bankruptcy estate pursuant to 735 ILCS 5/12-1001(f). But this provision is inapplicable for two reasons. First, Section 522(b) of the Bankruptcy Code allows a *debtor* to exempt from the bankruptcy estate property that is exempt under applicable state law. See 11 U.S.C. § 522(b). As the Bankruptcy Court explained, Ragda is not the debtor in the underlying bankruptcy case and therefore not entitled to take advantage of the state-law exemption on Debtor's behalf.

Second, the state-law exemption for life insurance proceeds would not be applicable in any event. That statute has been interpreted for decades to apply only where the deceased insured's child was "dependent upon" the insured, which Ragda does not allege to be the case here. See, *e.g., In re Hardesty*, 2015 WL 4719340, at *7 (Bankr. N.D. Ill. Aug. 7, 2015) (rejecting a debtor's reliance on 735 ILCS 5/12-1001(f), where the debtor "overlook[ed] the long standing interpretation" that the statute applied only where the life insurance policy's beneficiary was "'dependent upon the insured'" (quoting 735 ILCS 5/12-1001(f); citing *In re Schriar*, 284 F.2d 471, 474 (7th Cir. 1960))).

For these reasons, the Court affirms the Bankruptcy Court's denial of Ragda's motion for reimbursement for expenses allegedly incurred paying the mortgage, insurance, and taxes on the Barrington house and for the proceeds of the Hartford life insurance policy.

### B. Intervenors' Motion for Leave to Bring Suit Against the Trustee and His Counsel Individually

The Court now turns to Intervenors' motion for leave to file a *Bivens* claim against the Trustee and his counsel as individuals for their alleged violation of Intervenors' due process

rights.  In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized for the first time "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal quotation marks and citation omitted).  Before a *Bivens* claim (or any other claim) may be brought against a bankruptcy trustee for his conduct as trustee, the proposed plaintiff must obtain leave from the Bankruptcy Court.  Although this is not an express requirement of the Bankruptcy Court, "28 U.S.C. § 959(a) assumes this is required" and "'[a]n unbroken line of cases ... has imposed the requirement as a matter of federal common law.'" *In re Morris Senior Living, LLC*, 526 B.R. 750, 757 (N.D. Ill. 2014) (quoting *In re Linton,* 136 F.3d 544, 545 (7th Cir. 1998)).  The leave requirement also applies to "proposed suits against a trustee's counsel." *Id.*; see also *In re Berry Pub. Servs., Inc.,* 231 B.R. 676, 679 (Bankr. N.D. Ill. 1999).

To obtain leave to sue a bankruptcy trustee or the trustee's counsel, the proposed plaintiff must make out a *prima facie* case, showing that the proposed claim is not without foundation. *In re Morris Senior Living*, 526 B.R. at 757-58; see also *In re Weitzman*, 381 B.R. 874, 880 (Bankr. N.D. Ill. 2008); *In re Kids Creek Partners, L.P.*, 248 B.R. 554, 558 (Bankr. N.D. Ill. 2000).  "In evaluating whether the *prima facie* standard has been satisfied the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

In this case, the Bankruptcy Court determined that Intervenors failed to make out a *prima facie Bivens* claim against Debtors for multiple reasons.  Before turning to the Bankruptcy Court's analysis, the Court concludes *sua sponte* that Intervenors have failed to establish that they have standing to sue the Trustee or his counsel for their handling of the Hartford life

insurance proceeds. The Court already addressed above why Ragda failed to plausibly allege that she is entitled to the proceeds. The Court also agrees with Judge Shah that Haifa, as alleged executrix of Wattar's Estate, does not plausibly allege standing either, because following Wattar's death, the policy's beneficiaries—and not the Estate—held a legal interest in the policy's proceeds. See 755 ILCS 30/1; *Prignano v. Prignano*, 934 N.E. 2d 89, 103 (Ill. App. 2010) ("[I]nsurance proceeds are paid directly to the designated beneficiary and therefore generally do not pass through probate.").

Intervenors' motion for leave was deficient for several other reasons identified by the Bankruptcy Court. Most obviously, Intervenors' motion for leave to file a complaint against the Trustee "trails off midsentence" and does not even attempt to explain why Intervenors have a *prima facie* case for a *Bivens* violation. [26-7] at 16.

Further, assuming Intervenors could bring a *Bivens* claim against the Trustee and his counsel (an issue which this Court finds unnecessary to resolve[3]), the Court agrees with the Bankruptcy Court that the Trustee and his counsel would be immune from suit for personal liability. "Because bankruptcy trustees serve an important function as officers of the court in the administration of bankruptcy cases, they are afforded limited personal immunity when operating pursuant to their authority and absolute personal immunity if operating directly in obedience to a court order." *In re Kids Creek*, 248 B.R. at 559; see also *In re Weisser Eyecare, Inc.*, 245 B.R. 844, 848 (Bankr. N.D. Ill. 2000) (same); *Schultz v. Dubois*, 47 F.3d 1173, 1995 WL 66780, at *1 (7th Cir. 1995) (bankruptcy trustee is immune from personal liability where he or she acts "'under the direct orders of the court'" (quoting *Yardkin Valley Bank & Trust Co. v. McGee,* 819

---

[3] The Court did not find any Seventh Circuit precedent addressing this issue. Cf. *Wade v. Hopper*, 993 F.2d 1246, 1251–52 (7th Cir. 1993) (affirming district court's grant of motion to dismiss two *Bivens* claims and grant of summary judgment on a third *Bivens* claim brought against a former bankruptcy trustee for actions undertaken in bankruptcy proceeding, but not addressing whether a bankruptcy trustee should be considered a federal officer).

F.2d 74, 76 (4th Cir. 1987)); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) ("Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct."). When operating pursuant to their authority, bankruptcy trustees "may be held personally liable only for a willful and deliberate violation of [their] fiduciary duties." *In re Chicago Pac. Corp.*, 773 F.2d 909, 915 (7th Cir. 1985).

In this case, the Bankruptcy Court ordered the turnover of the assets at issue on appeal. Specifically, the August 5, 2010 turnover order required (1) Hartford to convey to Debtor all interest in any life insurance policies issued by any Hartford Insurance entity related to the Debtor, Wattar or the Trust; (2) Wells Fargo to convert the owners in two specified accounts from the Trust to Debtor; and (3) Debtor to turn over all interest in any assets related to Debtor, Wattar, or the Trust. Therefore, the Trustee and his counsel have absolute immunity from Intervenors' *Bivens* claim, which arises out of the inclusion of the Hartford and Wells Fargo assets in the bankruptcy estate.

Even if they did not enjoy absolute immunity, the Trustee and his counsel would at least be protected by limited immunity because there are no allegations that plausibly suggest that the Trustee or his counsel willfully or deliberately violated their fiduciary duties. Specifically, there are no allegations that the Trustee or his counsel knew of the April 28, 2007 Will—which purportedly made Haifa executrix of Wattar's Estate and allegedly entitled Haifa to notice and an opportunity to be heard—when assets were transferred from Wattar's Estate to the bankruptcy estate. As the Bankruptcy Court noted, the April 28, 2007 Will was not produced in the bankruptcy proceeding until November 16, 2015, when Haifa attached it to a reply brief. Therefore, it is not plausible that the Trustee and his counsel knew they were doing something

14

wrong in 2010 by operating as if the April 26, 2007 Will—which named Debtor as executor and gave all of Wattar's assets to the Trust—was valid. As the Bankruptcy Court reasoned, Intervenors "cannot now complain that [the Trustee and his attorney] did something wrong when [they] were working off of what was provided to them in 2010." [26-7] at 18-19.

Finally, the Court agrees with the Bankruptcy Court that Intervenors failed to make out a *prima facie* case that they lacked notice or an opportunity to be heard before the Bankruptcy Court ordered the turnover of the Wells Fargo assets or the proceeds of the Hartford life insurance policy. Haifa and Ragda both had notice of the bankruptcy because of their status as creditors to the Debtor. See [26-7] at 19. As the Bankruptcy Court put it, "any notion that [Intervenors] did not receive notice has been debunked many times," as they received notice either "as creditors of the Debtor, through Ragda's participation in Adversary Proceeding 09-00770, or through the Debtor as their agent." [26-7] at 24. Further, as the Court concluded in Case No. 15-cv-10694 (Haifa's appeal from the denial of her Rule 60(b)(4) motion), Haifa received actual, timely notice of Debtor's bankruptcy and the Bankruptcy Court's decision that the Trust was Debtor's alter ego and therefore all of the assets in the Trust would be included in the bankruptcy estate. Cf., e.g., *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990) (mortgagee was not entitled to avoid binding effects of Chapter 13 reorganization plan, even if mortgagee failed to receive written notice of confirmation hearing, where mortgagee had knowledge of debtor's bankruptcy petition and should have known that reorganization plan would have to be filed within 15 days of petition); *In re S.N.A. Nut Co.*, 198 B.R. 541, 544 (Bankr. N.D. Ill. 1996) ("In cases under Chapter 7 or Chapter 13 of the Code, actual knowledge without notice of the bankruptcy by a creditor whose existence is known to the debtor will satisfy due process concerns with respect to treatment of its claim."). Under these circumstances, Intervenors'

15

unsupported allegation that the Trustee and Debtor violated their right to due process is not plausible and is therefore insufficient to establish a *prima facie* case for the *Bivens* violation.

For these reasons, the Court affirms the Bankruptcy Court's order denying Intervenors leave to file suit against the Trustee and his counsel individually.

**IV.     Conclusion**

For the foregoing reasons, the Court affirms the Bankruptcy Court's orders: (1) denying Intervenors' motion for leave to commence an action against the Trustee and his counsel [26-4]; (2) denying Ragda's motion for funds from the bankruptcy trust [26-5]; and (3) laying out the Bankruptcy Court's analysis supporting the first two orders [26-7] at 15-36.  The Court denies as moot the Trustee's motion for leave to supplement the record on appeal [39].  Finally, the Court grants Intervenors' motion to transfer Case No. 16-cv-11076 to this Court as a related case [43], for the reasons explained at the hearing on the motion, see [45].  That appeal is still being briefed and will proceed as Case No. 16-cv-11076.  The instant appeal, No. 16-cv-4699, is closed.


Dated: March 10, 2017

_____
Robert M. Dow, Jr.
United States District Judge